**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL G. ALLFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT BARTON, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00024 AWI JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH FED. R. CIV P. 4 AND FAILURE TO COMPLY WITH COURT ORDERS |

　　　On January 6, 2014, Plaintiff filed the instant action. (Doc. 1) The next day, the Court issued five summonses (Doc. 5) and issued its order setting the mandatory scheduling conference to occur on April 23, 2014. (Doc. 6) In its order setting the mandatory scheduling conference, the Court advised counsel:

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. **Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint. Failure to timely serve summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.**

(Doc. 6 at 1-2, emphasis added) Despite this, Plaintiff failed to make any effort to file proof of service of the summons and complaint and no defendant had appeared.

On April 8, 2014, the Court issued an order continuing the scheduling conference to allow time for service of process and reminded Plaintiff of his obligation to serve the defendants according to the time period set forth in Fed. R. Civ. P. 4.  (Doc. 7)  The Court re-set the scheduling conference to June 30, 2014 and admonished him that "**Plaintiff is reminded of his service obligations under Fed. R. Civ. P. 4.  Failure to comply may result in the imposition of sanctions, including the dismissal of unserved defendants.**" (Doc. 7 at 2, emphasis in the original)  Once again, however, Plaintiff has failed to file proof of service of the summons and complaint and no defendant has appeared.

The Court's Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See,* e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Moreover, Fed. R. Civ. P. 4(m) provides, "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  As noted above, despite the passage of more than six months since the filing of this action, Plaintiff has not served the summons and complaint and has not provided proof of service.  Therefore, the Court **ORDERS**:

1. Within 14 days, Plaintiff **SHALL** show cause in writing why this matter should not be dismissed for failure to comply with the Court's orders, failure to prosecute the action and failure to serve the summons and complaint in a timely fashion.

2. **<u>Plaintiff is advised that his failure to comply with this order SHALL result in a recommendation that the matter be dismissed</u>**;

3. The scheduling conference is continued to **August 29, 2014** at 9:30 a.m.

IT IS SO ORDERED.

Dated: **June 18, 2014**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE