**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL G. ALLFORD,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT BARTON, et al.,<br><br>   Defendants. | ) Case No.: 1:14-cv-00024 AWI JLT<br>)<br>) ORDER DISCHARGING ORDER TO SHOW<br>) CAUSE<br>) (Doc. 8)<br>)<br>) ORDER TO PLAINTIFF TO FILE PROOF OF<br>) SERVICE OF THE SUMMONS AND<br>) COMPLAINT WITHIN 10 DAYS<br>)<br>) |

On January 6, 2014, Plaintiff filed the instant action. (Doc. 1) The next day, the Court issued five summonses (Doc. 5) and issued its order setting the mandatory scheduling conference to occur on April 23, 2014. (Doc. 6) In its order setting the mandatory scheduling conference, the Court advised counsel:

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. **Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint. Failure to timely serve summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.**

(Doc. 6 at 1-2, emphasis added) Despite this, Plaintiff failed to make any effort to file proof of service of the summons and complaint and no defendant had appeared.

1

On April 8, 2014, the Court issued an order continuing the scheduling conference to allow time for service of process and reminded Plaintiff of his obligation to serve the defendants according to the time period set forth in Fed. R. Civ. P. 4.  (Doc. 7)  The Court re-set the scheduling conference to June 30, 2014 and admonished him that "**Plaintiff is reminded of his service obligations under Fed. R. Civ. P. 4.  Failure to comply may result in the imposition of sanctions, including the dismissal of unserved defendants.**"  (Doc. 7 at 2, emphasis in the original)  Once again, however, Plaintiff has failed to file proof of service of the summons and complaint and no defendant has appeared.

On June 18, 2014, the Court ordered Plaintiff to show cause in writing within 14 days why the matter should not be dismissed for failure to comply with Fed. R. Civ. P. 4 which requires service of process within 120 days of filing of the complaint.

On July 1, 2014, Plaintiff reported that he purposefully chose not to serve the complaint until March because he was awaiting a right-to-sue letter from the EEOC and, once received, wanted to amend the complaint.  (Doc. 9 at 1-2)  Then, after not receiving a response from the EEOC, in March 2014, Plaintiff decided that "prudence dictated that the Summons and Complaint should be served."  Id. at 2.  Thus, sometime in March 2014, counsel prepared the requests for waiver of personal service, the summonses and the complaint for service by placing them in envelopes addressed to the Office of the Inspector General.  Id.  He left the packages on the desk of support personnel for mailing.  Id.

When, in early April, counsel had not received any response to the requests for waiver of personal service, he directed his process server to effect service.  (Doc. 9 at 3)  The process server attempted service at the Bakersfield officer of the Office of the Inspector General but the server was re-directed to the Sacramento office.  Id.  Inexplicably, rather than securing a process server in Sacramento, counsel requested the local process server mail the packages to the Sacramento County Sheriff's Office for service.  Id.  4.

Sometime in late May or early June, the Sacramento Sheriff's Office confirmed that it had received the packages but had rejected them and returned them to counsel.  (Doc. 9 at 5-6)  However, Counsel had not received the return mail.  Id. at 6-7.  Counsel then contracted with another local process server who, in turn, contracted with a process server in Sacramento to perform the service.  Id. at 7.  The Sacramento process server agreed that the documents would be served by June 27, 2014.  Id.

However, as of the drafting of his order, proof of service still has not been filed.

Counsel asserts that he has been diligent in obtaining service and argues his decision to not take any steps to serve the complaint for nearly three months was in an attempt to preserve judicial resources by allowing amendment of the complaint without need for a motion.  The Court is not convinced of this[1] but, in light of the fact that counsel represents that service has now been made, the Court will take no steps toward dismissing the action at this time.

Therefore, the Court **ORDERS**:

1. The order to show cause is **DISCHARGED**;
2. Within 10 days, Plaintiff **SHALL** file proof of service of the summonses and complaint.

**Plaintiff is advised that he is obligated to diligently pursue completion of this case and his failure to comply with this order, or any order, SHALL may result in dismissal of the action.**

IT IS SO ORDERED.

Dated:   **July 9, 2014**              **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] For example, the Court cannot understand why the original package was mailed to an address in Sacramento without first confirming this was the correct address.  Likewise, despite an understanding that service must occur in Sacramento, as evidence by the original attempt to serve there, counsel instructed the local process server to serve the documents in Bakersfield.  Likewise, despite a clear understanding that the Sacramento Sheriff's Office was well-behind in service efforts, hiring that office to effect service, rather than a Sacramento process service is difficult to understand.  Finally, despite the explanation that the initial delay was to obtain a right-to-sue letter, still, there is no showing that this letter has been issued or a showing as to when counsel expects it will be issued.